[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Committee, Attorney Steven Allen, moves for approval of the sale of CT Page 13746 property pursuant to a judgment of foreclosure by sale. The owners of the equity of redemption, William S. Jones, Jr., and Jacqueline A. Jones, object to approval. The plaintiff, People's Bank, urges the court to approve the committee sale. On November 6, 2000, the court held a hearing on this motion and objection.
On December 14, 1999, the plaintiff began this action to foreclose a mortgage held by the plaintiff to secure a loan of $73,000 to the Joneses made on May 21, 1987. The Joneses have lived at the subject property, located at 139 Phoenix Street, Vernon, for twenty-seven years.
On March 20, 2000, the court, Klaczak, J. ordered a foreclosure by sale. On that date, the court found that the amount of the debt owed to the plaintiff on the mortgage loan was $69,983.97 and that the fair market value of the property was $140,000. The court set a sale date of June 17, 2000. The court awarded attorney's fees of $1960, appraisal fees of $325, and a title search fee of $150. Costs were taxed at $1,309.70 including the appraisal and search fees.
On May 15, 2000, the Joneses moved to open the judgment to extend the sale date. On June 7, 2000, the court, L. Sullivan, J., granted the motion and modified the judgment resetting the sale date for September 30, 2000. Additional attorney's fees of $300 were awarded.
On September 21, 2000, the appraiser returned a new appraisal which found the fair market value to be the same as previously determined, viz. $140,000.
On September 30, 2000, the Committee conducted the sale and received a highest bid of $93,000 from the Hartford Telephone Federal Credit Union, one of two junior encumbrancers. The Committee executed a Bond for Deed running to that party.
"The court has approved Committee fees of $3,275, expenses of $2,396.47, and an additional appraisal fee of $600.
The Joneses ask the court to disapprove the sale on equitable grounds because the sale price of $93,000 is only sixty-six percent of the fair market value. They wish more time to engage a realtor to try to arrange a private sale. The $93,000 sum in only adequate to pay the debts owed to the plaintiff and the other encumbrancer plus the expenses attendant to the sale and litigation.
The plaintiff, on the other hand, notes that, in addition to the debt to it and the junior encumbrancers, the Joneses owe $14,000 arising from delinquent taxes. A new sale is likely to create new costs and fees of CT Page 13747 around $5,000.
After weighing the equities, the court approves the sale for $93,000. This figure is about two-thirds of the appraised fair market value. It is typical that the committee sales figure is considerably less than the fair market value because such court ordered sales are in the nature of distress sales. The court sees little likelihood that additional time will result in a private sale garnering more funds. The Joneses have already been afforded a three month extension which was unfruitful. Every day that passes generates additional interest on the debts to the plaintiff and the other encumbrancers who have judgment liens and added sums to the delinquent taxes.
The motion to approve the committee sale is granted.
Sferrazza, J.